## Case No. 15,038.

### UNITED STATES v. EIGHTY–TWO PACKAGES OF GLASS.

[37 Hunt, Mer. Mag. 322.]

District Court, S. D. New York. July, 1857.

CUSTOMS DUTIES—FORFEITURE OF GOODS—UNDER-VALUATION.

[1. A forfeiture is incurred if the goods are invoiced at a sum different from their actual cost at the place of exportation, with design to evade the duties; and it is immaterial whether the discovery of the fraud be made while the goods are passing inspection or afterwards.]

[2. The collector has authority to cause a re-examination and valuation of goods after an appraiser has passed the same, and such examination satisfies the legal prerequisites to a seizure of the goods for undervaluation.]

[3. It seems that, if a seizure is irregular, the government may nevertheless adopt the same, and proceed to condemnation, if the same was founded upon a good cause of forfeiture.]

[4. "Actual cost," as used in the statute, means the cost of the goods at the place of exportation, with the addition of all dutiable charges; and claimants cannot defend an undervaluation in the invoice by showing that the goods could be manufactured for the invoice price.]

This was a motion for a new trial. A libel of information was filed to forfeit the goods for undervaluation, under the 66th section of the act of March 2, 1799. The case was tried before a jury, who rendered a verdict condemning the goods. On the trial it appeared that the glass arrived at this port February, 1855, consigned to Schank & Downing, the claimants, by an association doing business near Nannur, in Belgium, called the "Floreffee Company." When it arrived, it was examined and appraised, and passed by the appraisers at the invoice valuation. But afterwards the appraisers sent to the claimants for a case of the glass, which was furnished and reappraised, informally, as the claimants alleged, and this action was commenced to forfeit it.

HELD BY THE COURT: That the forfeiture is incurred if the goods are not invoiced according to their actual cost at the place of exportation, with design to evade the duties; and it is immaterial whether the discovery of the fraud be made while the goods are passing inspection, or afterwards. That it is not made to appear that the importation was made, or entry offered, by manufacturers on their own account, and the collector must accordingly regard it as made by purchasers, and deal with it as such. That the collector had authority to cause a re-examination and valuation of the goods for dutiable purposes, and, when so made, the examination satisfies the legal prerequisites to an arrest of the goods; and it seems that the government have a right to adopt a seizure, if founded upon a good cause of forfeiture, and proceed for the condemnation of the goods, whether the seizure was regular or not. That the irregularity of appraisement, if any occurred, would not, under that doctrine, annul the action for the forfeiture. That the evidence of reappraisal was admissible to show authority for instituting the action. That "actual cost" is the cost of the goods at the place whence exported, with all dutiable charges added, and the claimants could not defend an undervaluation on the invoice by proving that the goods could be manufactured for the price. That the ruling of the court on the trial was correct.